UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNA BRAZIER

    Plaintiff,

vs.                                  Case No. 8:08-cv-156-t-17MAP

LAW OFFICES OF
MITCHELL N. KAY, P.C.

    Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This cause is before the Court on two separate motions: 1) Plaintiff's Verna Brazier, Motion for Summary Judgment, filed October 15, 2008 (Doc. 22) and 2) Defendants', Law Office of Mitchell N. Kay, P.C., Motion for Summary Judgment, filed on November 11, 2008 (Docs. 27 and 29) and the responses thereto (Docs. 27 and 31). For the reasons set forth below, the Plaintiff's Motion and Defendant's Cross-Motion are **DENIED**.

PROCEDURAL BACKGROUND

On January 23, 2008, the plaintiff, Verna Brazier (Brazier), filed a complaint and demand for jury trial against defendant, Law Offices of Mitchell N. Kay (Mitchell N. Kay) in the U.S. District Court for the Middle District of Florida. (Doc. 1). Brazier's complaint alleges violations of the federal Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). (Doc. 22); 15 U.S.C.A. § 1692a(3); F.S. § 559.55(2). On October 15, 2008, Brazier moved for Summary Judgment. (Doc. 22).

On November 11, 2008, Mitchell N. Kay, filed a response to Brazier's Motion for

Summary Judgment and a Cross-Motion for Summary Judgment supported by a Memorandum of Law. Doc. 27, 29. Mitchell N. Kay first contends that the letter sent does not fall under the FDCPA or the FCCPA, second that the letter does not falsely represent attorney involvement and third argues that defendant is entitled to summary judgment under the FDCPA and FCCPA's bona fide affirmative defenses. (Doc. 22).

## FACTUAL BACKGROUND

On April 21, 2007, Mitchell N. Kay mailed a debt collection letter to the law firm of Vollrath-Condon, who represented Brazier. The letter was mailed in response to a telephone conversation with Brazier concerning debt owed to American Express. Brazier alleges that the language in the letter falsely represents attorney involvement. The letter was sent on letterhead of Mitchell N. Kay; there was a disclaimer on the back of the letter stating that the debt had not been reviewed by a lawyer. Brazier asserts the least sophisticated consumer test applies and that the letter violates consumer protection standards of the FDCPA and FCCPA. Mitchell N. Kay alleges it acted in good faith and falls under the bona fide error affirmative defense of the FDCPA and FCCPA. Each party has filed for summary judgment.

## STANDARD OF REVIEW

Summary judgment is improper when genuine issues of material fact are disputed; only facts that have the potential to affect the outcome of the suit will stop the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1968). The party seeking summary judgment bears the burden of establishing no genuine dispute of material facts; all facts and inferences are to be viewed in the light most favorable to the non-moving party. *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985). There must be such evidence that the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252.

DISCUSSION

I. Disputed Fact as to Whether the FDCPA and FCCPA Apply

The Eleventh Circuit has accepted the least sophisticated consumer standard when analyzing violations of the FDCPA. *Jeter,* 760 F.2d at 1174-75. Brazier contends the disclaimer on the back of the debt collection letter (letter) fails to meet the least sophisticated consumer requirement of the FDCPA and FCCPA. 15 U.S.C.A. § 1692a(3); F.S. § 559.55(2). However, Mitchell N. Kay contends the letter was sent to Brazier's lawyer and not to Brazier herself. The defendant also disputes the application of the least sophisticated consumer standard stating that a letter to an attorney is not communication under the FDCPA and that Brazier's attorney is not a consumer under the definitions of FDCPA and FCCPA. Doc. 27; 15 U.S.C.A. § 1692a(3); F.S. § 559.55(2). Brazier does not dispute the letter was sent to the offices of her attorney, but maintains that the least sophisticated consumer standard applies. (Doc. 22).

Communications directed solely to a debtor's attorney are not actionable under the FDCPA. *Guerro v. RJM Acquisitions, LLC*, 499 F.3d 926 (6th Cir. 2002). The letter in question was addressed: "Personal and Confidential, Verna Brazier, c/o Vollrath-Condon." Doc 2, exhibit A. If the letter was sent to Brazier's attorney and not to Brazier herself, then the attorney rather than the FDCPA is obligated to protect the consumer from any harassing behavior from a debt collector. *Kropelnicki v. Siegel*, 290 F.3d 118, 127-130 (2nd Cir. 2002).

While Brazier does not contest the physical destination of the letter, by asserting the least sophisticated consumer standard Brazier disputes the letter was intended for her lawyer. Instead Brazier maintains the language was intended for the consumer herself, care of her attorney. Who the intended reader of the letter, and the disclaimer contained therein, is a genuine issue of material fact as it affects what standard is applied to the disclaimer: that of the least sophisticated

consumer or that of a representative attorney. As Mitchell N. Kay disputes the application of the definitions of the FDCPA and the FCCPA the intended reader, the consumer, and the method of communication are in dispute. Because there is a disputed genuine and material fact, the plaintiff's motion for summary judgment is **DENIED**.

II. Disputed Fact as to the Language and Placement of the Disclaimer

The parties dispute whether the language and placement of the disclaimer fits the statutorily requirement. Both parties' cite to *Greco v. Trauner*, which held that language tracking that of the statute is presumed to fulfill the statutory requirements. 412 F.3d 360, 365 (2d Cir. 2005). The disclaimer on the letter sent by Mitchell N. Kay was identical to that used in *Greco*. *Id.*; exhibit A. Brazier contends the language is discursive and confusing and the placement on the back of the letter is misleading.

The effectiveness of the disclaimer is dependent on who was to be the intended reader of the letter. If the letter was sent to the consumer, the least sophisticated consumer standard applies. The least sophisticated consumer can be made uncertain of their rights when language is contradictory and fails to convey the message clearly. *Id.*, citing *Savino v. Computer Credit Inc.,* 164 F.3d 81 (2d Cir. 1998). Brazier contends she was the recipient and that the front of the letter, printed on the letterhead of Mitchell N. Kay is contrary to the disclaimer on the back of the letter. Doc. 22. If the letter was meant to be received by Brazier's attorney the protections of the FDCPA and the FCCPA assume the lawyer will protect the client from harassing behavior. 15 U.S.C.A. § 1692a(3); F.S. § 559.55(2).

Whether or not the letter is self-contradictory and confusing is a question of

interpretation and fact, not a pure legal question. Mitchell N. Kay contends that since the language used is identical to the disclaimer in *Greco* it is appropriately used; however the placement of the disclaimer and the use of letterhead are factual question not answered or addressed in *Greco*. 412 F.3d 360. Because the parties dispute the interpretation of the disclaimer and the standard used in analyzing the disclaimer there is a genuine issue of material fact to be decided; the plaintiff's motion for summary judgment is **DENIED**.

III. Disputed facts as to bona fide error on part of Mitchell N. Kay.

Mitchell N. Kay seeks summary judgment based on the bona fide error affirmative defense of the FDCPA and FCCPA. 15 U.S.C. § 1692k©); F.S. § 559.77(3). The bona fide error defense bars claims that arise from a mistake of law. *McCorriston v. L.W.T.*, Inc., 536 F.Supp.2d 1268 (M.D. Fla. 2008). Mitchell N. Kay claims a mistake of law in assuming the *Greco* language fulfilled its obligation with respect to attorney involvement as well as the method used to provide a clear disclaimer. Doc. 29. Good faith, even if wrong, precludes the requisite finding of bad faith or intentional conduct under the FDCPA. *Id*.

However, Brazier contends Mitchell N. Kay acted in bad faith by placing the disclaimer on the back of the letter, out of sight from the letterhead and the initial impression of the letter's authority. While Mitchell N. Kay provided support for acting in good faith with the statutory requirement expressed in *Greco*, because *Greco* addresses the language of the disclaimer and not the placement of the disclaimer, there still exists a disputed issue of acting in bad faith such that a reasonable jury could find in favor of the non-moving party, which for the purpose of this cross motion is the plaintiff. 412 F.3d 360, 365. Because there are disputed issues of genuine and material fact the defendant's cross motion for summary judgment is **DENIED**. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 22) and Defendant's Cross-Motion for Summary Judgment (Doc. 27) are both **DENIED**. This case will be set for a pre-trial conference and trial as soon as possible.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 19th of March, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.