## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

VERNA BRAZIER,

     Plaintiff,

vs.

LAW OFFICES OF MITCHELL N. KAY, P.C.,

    Defendant.

_____/

Case No.  8:08-cv-156-T-17MAP

## **INSTRUCTIONS TO THE JURY**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Plaintiff brings this action against Defendant based on 15 U.S.C. 1692, et seq., the Federal Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, Florida Statutes, Sec. 559.55, et. seq. For convenience, I have referred to the FDCPA and the FCCPA as "the Acts".

The FDCPA originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986 and amended again in 1996.

In passing this Act, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices." To this end, the Act expressly prohibits debt collectors from engaging in numerous specific acts or practices and also requires debt collectors who attempt to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a debt collector to include any person who uses any instrumentality of interstate commerce, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. The Act also defines a debt collector to include any person who regularly collects a debt owed to another.

Defendant is a debt collector within the meaning of the FDCPA.

The FCCPA defines a debt collector to include a creditor as well as anyone trying to collect the debts of another.

I now instruct you that the Defendant is subject to, and must comply with, the provisions of the FDCPA and the FCCPA.

The FCCPA makes a violation of the FDCPA also a violation of the FCCPA if the

FDCPA is more protective of the plaintiff's rights.

The Acts define debt to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.

The obligation which a person owes or is alleged to owe is a debt within the meaning of the Acts.

The Acts define consumer as any person obligated or allegedly obligated to pay any debt. Plaintiff is a consumer within the meaning of the Acts.

The Federal Act provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

The Fair Debt Collection Practices Act provides no restriction as to the size, type, color, or placement of the required notice of no attorney involvement.  Placement of the notice on the reverse side of the letter is adequate if some clear reference to that language appears on the face of the document.

The State Act provides in collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family

with such frequency as can reasonably be expected to harass the debtor or her or

his family, or willfully engage in other conduct which can reasonably be expected

to abuse or harass the debtor or any member of her or his family;

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney

with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name

and address, unless the debtor's attorney fails to respond within a reasonable period of time to a

communication from the person, unless the debtor's attorney consents to a direct communication

with the debtor, or unless the debtor initiates the communication;

The plaintiff has the burden of showing by a preponderance of the evidence that any of

the defendant's communications violated any of the foregoing provisions of the State Act.

The Federal Act and State Act only apply if the plaintiff proves that she was the intended recipient of Defendant's April 21, 2007 letter as communications directed solely to Plaintiff's attorney are not actionable. If the letter is intended for the plaintiff's attorney rather than for the plaintiff herself then her attorney is obligated to protect her from any harassing behavior.

In the course of your deliberation, if you determine that the plaintiff failed to prove that Defendant's April 21, 2007 was intended for her rather than her lawyer then the Federal Act and State Act do not apply and you must find in favor of the Defendant.

The plaintiff contends that the defendant violated certain provisions of a federal statute, known as the Federal Fair Debt Collection Practices Act (the "Federal Act") and the Florida Consumer Collection Practices Act (the "State Act") by giving a false impression of attorney involvement in a debt collection letter of April 21, 2007 that it sent on its firm letterhead to Plaintiff's attorney, Vollrath-Condon.

The plaintiff contends that while the April 21, 2007 letter was sent to her attorney's office, she was the intended recipient of the April 21, 2007 letter and therefore, the Federal Act and the State Act apply. The plaintiff contends, despite the disclaimer contained in the April 21, 2007 letter, it "falsely" represents the level of attorney involvement to the least sophisticated consumer in violation of Section 1692e(3) and (10), as well as 1692f of the Federal Act and in violation of Section 559.72(7) of the State Act. The plaintiff has the burden of proving these claims.

The defendant denies that it violated either the Federal Act or the State Act.

In the event that its April 21, 2007 letter is found to have violated the Federal Act or the State Act, the defendant has an affirmative defense called the bona fide error defense to the alleged violations. The defendant contends that any alleged violation was not intentional, occurred as a result of good faith mistake of law in light of *Greco v. Trauner Cohen & Thomas LLP*, 412 F.3d 360 (2nd Cir. 2005) and occurred notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. If the defendant proves its *bona fide* error defense, the plaintiff is barred from any recovery for any alleged violation of the Federal Act or the State Act. The defendant has the burden of proving this affirmative defense.

The plaintiff denies that the defendant has a *bona fide* error defense and also contends that she is entitled to damages. Specifically, the plaintiff seeks statutory damages under the

Federal Act and/or the State Act.  The plaintiff has the burden of proving those damages.

The defendant denies that plaintiff is entitled to any damages.

The Federal Act provides that a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use of any false representation or deceptive means to collect or attempt to collect any debt.

A debt collector is not liable for violation of the Fair Debt Collection Practices Act or Florida Consumer Collection Practices Act if it shows by a preponderance of the evidence that (1) he or she did not intend to violate the Act and (2) the violation "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

To prevail on a bona fide error defense the Defendant must plead and prove that:

1. The error was unintentional;

2. The error was made in good faith;

3. The error resulted from a mistake; and

4. The collector maintained procedures reasonably adapted to check for and avoid such errors.

It is not a bona fide defense that a Defendant simply did not believe that certain conduct violated the law. The FDCPA and FCCPA are strict liability statutes. The Defendant who does not comply with the provisions of the two laws violates the Acts without regard to his or her intent, knowledge, or willfulness of the violation.

In order to establish that its conduct is unintentional under the bona fide error defense, a defendant need only show that its violation was unintentional, not that its actions were unintentional.

The "least sophisticated consumer" is one who "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." "Even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."

If the plaintiff has proven by a preponderance of the credible evidence that the defendant

is liable on the plaintiff's claims and if the defendant has failed to prove by a preponderance of

the credible evidence that it has an affirmative defense to plaintiff's claims, then you must

determine the damages, if any, to which the plaintiff is entitled. However, you should not infer

that the plaintiff is entitled to recover damages merely because I am instructing you on the

elements of damages. It is exclusively your function to decide liability, and I am instructing you

on damages only so that you will have guidance should you decide that the plaintiff is entitled to

recover. The plaintiff claims statutory damages under the Federal Act and the State

Act.

In determining the amount of statutory damages, if any, to award to the plaintiff, you should consider:

- The frequency and persistence of non-compliance by the defendant;
- The nature of such non-compliance;
- The extent to which such non-compliance was intentional.

If you find that both the FDCPA and the FCCPA were violated, then you may consider an award of up to $1,000.00 on each violation, for a total of no more than $2,000.00 for the Plaintiff against the Defendant.

If you find for the plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of the plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence of the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in Court.

A form verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached a unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return it to the courtroom.

If you should desire to communicate with me at any time, please write down your message ort question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.